The Memorandum Decision and Order below are hereby
signed.  Dated: April 1, 2008.



_S. Martin Teel Jr._____

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
PRISCILLA M.  DAME,            )        Case No. 07-00634
                               )        (Chapter 7)
                 Debtor.       )        **Not for Publication in**
                               )        **West's Bankruptcy Reporter**

MEMORANDUM DECISION AND ORDER RE
EMERGENCY MOTION TO ENJOIN DEBTOR FROM VIOLATING
AUTOMATIC STAY, FOR SANCTIONS, AND ALTERNATIVELY TO
MODIFY ORDER MODIFYING THE AUTOMATIC STAY ON ONE DAY'S
NOTICE AND RE MOTION TO SHORTEN TIME PERIOD TO RESPOND

Creditor Mary Durrum has filed an Emergency Motion to Enjoin
the Debtor from Violating the Automatic Stay, For Sanctions and
Alternatively, to Modify Order Modifying the Automatic Stay
(Docket Entry ("DE") No. 53, filed March 24, 2008)("Emergency
Motion").  Durrum's motion specifically requests the following
relief: (1) that the debtor be enjoined from prosecuting a motion
for sanctions against Durrum in a landlord-tenant proceeding
pending in the Superior Court for the District of Columbia ("D.C.
Superior Court") pursuant to the automatic stay; (2) that the
debtor show cause why she should not be sanctioned for willfully

violating the automatic stay by pursuing the motion for sanctions

against Durrum in D.C. Superior Court; and finally, (3) that the

court declare that Durrum is not prevented from seeking post-

petition rent.  Durrum's Emergency Motion also requests that the

court require the debtor's response within one day of the filing

of the Emergency Motion.

Durrum also filed a Motion to Shorten Time Period to Respond

to the Emergency Motion (DE No. 57, filed March 24, 2008).  In

that latter motion, Durrum asks that the debtor be required to

respond on or before March 27, 2008 and that this matter be set

for hearing on March 28, 2008.  The court denies Durrum's request

for expedited treatment of the Emergency Motion for the reasons

below.

Durrum and the debtor have a landlord-tenant relationship.

On March 6, 2008, this court lifted the automatic stay to permit

Durrum to evict the debtor from the rental property (DE No. 47,

entered March 6, 2008).  Durrum's Emergency Motion is in response

to the debtor filing a motion in D.C. Superior Court for

sanctions against Durrum for purported non-compliance with a pre-

petition settlement agreement reached in the landlord-tenant

proceeding pending there.

Although the debtor appears to be violating the automatic

stay by her motion for sanctions in D.C. Superior Court, because

that action is property of the estate and the attempt of the

debtor and her attorney to prosecute the motion against Durrum is

an unauthorized attempt to exercise control over the property of

the estate, contempt sanctions may only be issued after the

debtor has had adequate opportunity to prepare a defense to

Durrum's request for sanctions.  The debtor cannot reasonably

prepare such a defense in three days.  The court therefore will

not require the debtor to show cause why sanctions ought not be

imposed against her and her attorney on or before March 27, 2008.

The debtor, however, is not authorized to pursue a claim

against Durrum that is property of the estate on behalf of the

estate in the landlord-tenant proceeding.  If the debtor and the

debtor's attorney, Mr. Battino, continue to pursue their motion

in D.C. Superior Court, they risk having contempt sanctions

imposed against them, including attorney's fees incurred by

Durrum in pursuing the contempt violation in this court.

With respect to Durrum's request for a declaration from the

court that she is not prevented from seeking post-petition rent

arrearages, the court also denies Durrum's request for an

expedited response from the debtor and an expedited hearing.

It appears that Durrum may not be entitled to the

declaratory relief she seeks.  See Miller v. Chateau Communities,

Inc. (In re Miller), 282 F.3d 874, 876-877(6th Cir. 2001).

3

According to Miller, any debt owed a landlord on a lease deemed

rejected by the trustee pursuant to 11 U.S.C. § 365(d)(1),

including post-petition rent arrearages, is deemed a pre-petition

debt under 11 U.S.C. § 365(g)(1).  Because section

365(g)(1)treats the trustee's deemed rejection of the lease as a

breach of the lease arising immediately before the date of the

bankruptcy petition, the landlord becomes an unsecured creditor

with a pre-petition claim that encompasses unpaid rents accruing

post-petition.  In any event, even before rejection, the lessor's

right under the lease for future rents was a contingent claim in

existence on the petition date.  Both the automatic stay and, if

a discharge is entered, the discharge injunction bar efforts to

collect that claim as a personal obligation of the debtor.  The

in rem right of the lessor to proceed with eviction is not

affected by a discharge injunction, and the automatic stay has

been lifted to permit the lessor to pursue eviction.

It is thus

     ORDERED that Durrum's requests for expedited treatment of

her Emergency Motion (D.E. No. 53) are DENIED.

                              [Signed and dated above.]


Copies to: Debtor; Debtor's attorney;


4

Andre P. Barber, Esq.
1875 Eye Street, N.W. Suite 500
Washington, DC 20006

O:\Judge Temp Docs\Order re Emergency Motion (Dame).wpd