The Memorandum Decision and Order below is signed.
Dated: May 6, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
PRISCILLA M. DAME,                 )    Case No. 07-00634
                                   )    (Chapter 7)
        Debtor.                    )    **Not for Publication in**
                                   )    **West's Bankruptcy Reporter**

MEMORANDUM DECISION AND ORDER DENYING
DEBTOR'S EMERGENCY MOTION TO COMPEL AND TO APPOINT ATTORNEY

The debtor has filed an emergency motion to compel Mary Durrum's attorney, Andre Barber, to correspond with the debtor electronically and to serve pleadings on her "via email and fax." The debtor has also requested that the court appoint an attorney to represent her "since it is very apparent that without an attorney, the Creditor's counsel, Andre Barber, will continue to attempt to violate her legal rights to a fair judicial process."

The Federal Rules of Bankruptcy Procedure specify that service on the debtor may be accomplished by United States first class mail. Although parties are free to consent to alternate arrangements, such as the provision of electronic and facsimile courtesy copies, it is not required. If the debtor seeks an

expedited response to a motion, the debtor should include with any such motion a request to shorten the applicable objection period.  The debtor is not, however, at liberty to dictate the manner in which her opponent serves an opposition, and the filing by the debtor of a motion seeking expedited relief does not give rise to a corresponding obligation on the part of Mr. Barber to serve the debtor in a manner other than that which is called for under the Federal Rules of Bankruptcy Procedure.

In her motion, Ms. Dame contends that she is disadvantaged because she does not have access to the court's electronic system to make or receive filings.  Although pro se debtors are not permitted to file electronically, viewing of the court's electronic docket is available to the general public for free at the clerk's office and, for a modest fee, through PACER elsewhere.  The court therefore rejects the debtor's suggestion that Mr. Barber's status as an electronic filer amounts to an unfair advantage.

The debtor has also requested appointment of counsel, but she does not identify a specific proceeding in which she wishes appointment of counsel.  There is no statutory right to appointment of counsel, and the court's discretionary appointment of counsel depends on the particular matter for which the debtor seeks appointment of counsel (which the debtor has not described), and the debtor's inability to obtain counsel (which

2

the debtor has not addressed).  It is thus

    ORDERED that the debtor's Motion to Compel and to Appoint Attorney (Docket Entry ("DE") No. 80, filed April 22, 2008) is DENIED without prejudice to the debtor's filing of a separate motion for appointment of counsel that addresses the factors relevant to the court's disposition of such a motion.

                                                 [Signed and dated above.]

Copies to: Debtor; Chapter 7 Trustee; Office of United States Trustee; Andre Barber.