The Memorandum Decison below is hereby signed.
Dated: October 2, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| PRISCILLA M. DAME, | ) | Case No. 07-00634 |
| | ) | (Chapter 7) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION RE MOTION
TO DISMISS MARY DURRUM'S EMERGENCY
MOTION FOR SANCTIONS AND OTHER RELIEF AGAINST THE DEBTOR

Creditor Mary Durrum filed an Emergency Motion to Enjoin the Debtor from Violating the Automatic Stay, For Sanctions and Alternatively, to Modify Order Modifying the Automatic Stay (Docket Entry ("DE") No. 53, filed March 24, 2008)("Emergency Motion").  The debtor has moved to dismiss Durrum's Emergency Motion on the basis that Durrum died before the Emergency Motion was filed.  I will grant the debtor's motion for the following reasons.

Durrum's attorney had earlier filed a motion to substitute the Estate of Mary Denman Durrum, deceased, in place of Durrum as the movant pursuing the Emergency Motion, but the debtor properly

opposed that motion (and it is being denied) because only the personal representative of a decedent's estate may sue on behalf of the decedent's estate.  No one has filed a new motion (to substitute the personal representative as the person pursuing the Emergency Motion) despite the debtor's opposition having raised the impropriety of seeking to have a decedent's estate substituted as a party.

Nor has anyone opposed the motion to dismiss.  At this juncture, the Emergency Motion is being pursued in the name of a party who was dead when the Emergency Motion was filed, and so it was not commenced by someone having capacity to pursue the claims.  Plainly the Emergency Motion may not proceed with Mary Durrum as the named party pursuing the Emergency Motion.

The Emergency Motion having been commenced in the name of someone incapable of pursuing the same, and no one having filed a motion to substitute a proper party in place of Durrum, the unopposed motion to dismiss must be granted.  See Adelsberger v. United States, 58 Fed. Cl. 616 (2003) (motion to dismiss an action commenced when the named plaintiff was already dead could not be defeated by a motion to substitute as plaintiff the a decedent's wife who was not shown to be the personal representative of the decedent's estate (the only entity with capacity to pursue the claim)); Pasos v. Eastern S.S. Co., 9 F.R.D. 279 (D. Del. 1949).  I need not reach the issue of whether

a motion to substitute the personal representative of Durrum's estate as the person pursuing the Emergency Motion would succeed. Compare Esposito v. United States, 368 F.3d 1271 (10th Cir. 2004); Canterbury v. Federal-Mogul Ignition Co., 483 F. Supp.2d 820, 825-26 (S.D. Iowa 2007); and Brown v. Anselme (In re Polo Builders, Inc.), 374 B.R. 638 (Bankr. N.D. Ill. 2007), with Mizukami v. Buras, 419 F.2d 1319 (5th Cir. 1969); Moul v. Pace, 261 F.Supp. 616 (D. Md. 1966); Banakus v. United Aircraft Corp., 290 F. Supp. 259 (S.D.N.Y. 1968); Chorney v. Callahan, 135 F. Supp. 35 (D. Mass. 1955).

[Signed and dated above.]

Copies to: Andre P. Barber, Esq.; Ronald L. Schwartz, Esq.; Debtor.